**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**


Mikael Lejon,                                                    Civil No. 13-695 (DWF/SER)

                Petitioner,

v.                                                                      **ORDER DIRECTING**
                                                                        **RETURN OF CHILD**

Mariah MacInnes and Chad Talbot,

                Respondents.

---

Nancy Zalusky Berg, Esq., and Liselotte Kaiser, Esq., Walling, Berg & Debele, P.A., counsel for Petitioner.

Gerald O. Williams, Jr., Williams Divorce & Family Law, PA, counsel for Respondents.

---

Before the Court is Petitioner Mikael Lejon's petition against Respondents Mariah MacInnes and Chad Talbot pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, 19 I.L.M. 1501 (1980), and the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601, *et seq.*, alleging that Respondent MacInnes wrongfully removed the Child, O.R.L.M., from Sweden and the Child has been wrongfully retained by Respondents in the State of Minnesota.  The Court finds that the Child is a citizen and habitual resident of Sweden within the meaning of Article 3 of the Convention and that the Child was wrongfully removed from Sweden.  The Court thus directs the prompt return of the Child to Sweden as ordered below.  At this time, the

Court concludes that no additional evidentiary hearing in this matter is warranted and issues the following Order.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Petition for Return of Minor Child (Doc. No. [1]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1.      The Child shall remain in the temporary care, custody and control of her mother, Mariah MacInnes, pending her return to Sweden.

2.      The parties have indicated that they have mutually agreed upon a visitation schedule for Petitioner to see the Child on April 9, 2013.  Petitioner shall have visitation with the Child on April 9, 2013, as agreed upon by the parties.

3.      The Child shall be returned to Sweden no later than April 25, 2013, escorted and accompanied by her mother, Mariah MacInnes, should Ms. MacInnes be willing to accompany the Child.

4.      Should Ms. MacInnes be unwilling or unable to accompany the Child to Sweden, counsel shall inform the Court as soon as practicable so that the Court may appoint a third-party to escort the Child to Sweden.  The Court declines to order the Child's return to Sweden with Petitioner.

5.      By April 15, 2013, Respondents shall make travel arrangements for the Child's return to Sweden.

6.      Travel plans, once made by Respondents, shall be communicated by counsel to all parties and the Court.

7.      Counsel for Respondents shall immediately deliver the passports of Respondents and the Child to the chambers of the Court to be held pending the Child's return to Sweden.

8.      During the period preceding the Child's scheduled return to Sweden, Respondents are prohibited from removing, or facilitating the removal of, the Child from the State of Minnesota.

9.      Counsel for Petitioner and Respondents shall communicate with their respective clients' counsel in Sweden as soon as practicable to address, and aim to resolve, any issues arising from the Swedish legal proceedings, including Ms. MacInnes's status in Sweden.  Counsel shall also make an effort to arrange for an expedited hearing date in the appropriate Swedish court in any pending custody proceedings.

10.     Counsel and the parties are directed to negotiate in good faith and are urged to coordinate their efforts in this matter to the extent possible, in consideration of the Child's best interests and well-being and with the aim of minimal disruption to the Child prior to, and during, any future Swedish proceedings.

11.     The Court will set a status conference, in consultation with counsel, once all travel arrangements have been made, to address whether an evidentiary hearing is necessary.

Dated:  April 9, 2013             s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge