# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mikael Lejon, | Civil No. 13-695 (DWF/SER) |
| Petitioner, | |
| v. | **TRAVEL ORDER AND MEMORANDUM DIRECTING CHILD RETURNED TO SWEDEN** |
| Mariah MacInnes and Chad Talbot, | |
| Respondents. | |

---

Nancy Zalusky Berg, Esq., and Liselotte Kaiser, Esq., Walling, Berg & Debele, P.A., counsel for Petitioner.

Gerald O. Williams, Jr., Esq., Williams Divorce & Family law, P.A., counsel for Respondents.

---

On March 26, 2013, Petitioner Mikael Lejon filed a petition against Respondents Mariah MacInnes and Chad Talbot pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, 19 I.L.M. 1501 (1980), and the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601, *et seq.*, alleging Respondent MacInnes wrongfully removed the Child, O.R.L.M., from Sweden and the Child has been wrongfully retained by Respondents in the State of Minnesota. This Court held an *ex parte* hearing on April 8, 2013 and found the Child to be a citizen and habitual resident of Sweden within the meaning of Article 3 of the Convention and that the Child was wrongfully removed from Sweden. An Order Directing Return of Child was issued by this Court on April 9, 2013. The undersigned Judge ordered O.R.L.M. be returned no

later than April 25, 2013. Respondent MacInnes has elected not to return to Sweden with O.R.L.M., and has agreed to a third-party escort.

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1.	The Court shall release O.R.L.M.'s Swedish and American passport to representatives of Walling, Berg & Debele on Tuesday, April 23, 2013.

2.	Respondents shall deliver O.R.L.M. to the law office of Walling, Berg & Debele, 121 South Eighth Street, Suite 1100, Minneapolis, MN, on Wednesday, April 24, 2013 at 11:30 a.m. The Court expects all parties to act in the best interests of the Child in carrying out this paragraph and all portions of this Order. Specifically, there should be private time for lunch and for an exchange between Respondent MacInnes and her mother. The parties shall allow sufficient time for the exchange and shall make every effort to facilitate a smooth transition so as to limit any potential emotional distress for the Child. All parties shall act in the best interests of the Child, irrespective of how the parties each view the difficult circumstances with which they are faced.

3.	Respondent MacInnes shall execute all necessary authorizations allowing O.R.L.M to travel with Annette Bengmark MacInnes. Annette Bengmark MacInnes and O.R.L.M. are scheduled to depart on April 24, 2013, from Minneapolis/St. Paul on Air France flight AF9301 at 5:05 p.m., arriving in Paris at approximately 8:35 a.m. on

April 25, 2013, to meet connecting Air France flight AF1352 departing at 9:45 a.m. and arriving at 11:45 a.m. in Goteborg, Landvetter.

    4.    All prior consistent orders remain in full force and effect.

    5.    The attached memorandum is made a part hereof.

Dated: April 22, 2013                    s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  United States District Judge

**MEMORANDUM**

Petitioner, Respondent MacInnes, and friends and relatives of both parties and the Child must act in the best interests of the Child in these very difficult circumstances, irrespective of how they view one another. This means that the Court expects, as I am sure the courts of Sweden will expect, that a mode of communication be established between the Child and Respondent MacInnes once the parties' five-year-old daughter is in Sweden. The best interests of this five-year-old girl demand that the parties do so no matter how they view one another. That also means that the parties and respective counsel should work together to expedite the matter in Sweden, absent a stipulation of the parties. Hopefully, regardless of the outcome, the best interests of the parties' five-year-old daughter will be served.

The Court fully expects the parties to contact the Court, if need be, provided that all parties have notice, if the Court can be of assistance in any way in expediting this matter. The parties, as well as the appropriate officials within the State Department for

the United States, as well as the appropriate officials in Sweden, have an obligation to carry out their responsibilities, but must all do their very best to act in the best interests of this five-year-old girl.

D.W.F.